United States District Court
Southern District of Texas
**ENTERED**
October 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:10-CR-00862-1 |
| | § | CIVIL ACTION NO. 4:14-CV-02938 |
| CARLA JEAN JOHNSON | § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Carla Lee Johnson's, § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 235); the United States' Motion to Dismiss and Motion for Summary Judgment (Doc. 249); Movant's Response to the Government's Motion to Dismiss and Motion for Summary Judgment (Doc. 251); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Dismissal. (Doc. 252). Movant filed a Response to the Memorandum and Recommendation contending that her § 2255 Motion is not time-barred because she alleges that she only recently discovered that the twelve-month upward departure of her sentence was, also allegedly, based upon the mistaken belief that certain management at Colombia Lloyds Insurance Company were terminated. (Doc. 253).

**I. Background**

Movant, who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255, for the first time.

On December 14, 2010, Movant, Donnie Hue Smith, Royce Lamar Smith and Nettie May Smither were charged by Indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) (Doc. 8). On April 21, 2011, Movant pleaded guilty without a

written Plea Agreement. (Docs. 68, Transcript of Rearraignment Hearing, Docs. 246). The record shows that Movant was sentenced on September 9, 2011, and judgment was entered on September 21, 2011. (Doc. 158).

At sentencing, the evidence included the audit of Columbia Lloyds[1] and its effects upon their management. Following the audit, according to the PSR report, "Columbia Lloyds was given the option of terminating their existing management or being placed in an administrative oversight system . . . . Columbia Lloyds' President and Vice President stepped down." (Doc. 94, Part E, pgh. 69; Doc. 236 at 1). Twice-arguing for an upward departure, the Government first re-iterated that Columbia Lloyds replaced the existing management team, explaining that the loss of their "position and salary" was a "horrible result for the former President and Vice President" "whose heads rolled because of the fraud perpetrated by Movant and her co-defendants." (Doc. 128 at 4–5). Later, the Government argued for upward departure because "two individuals, one of whom was the son of the family—the owner of this business, lost their position . . . . quite an embarrassing situation for all of them." (Doc. 242 at 10–11). The President and Vice President were, respectively, Robert (Bob) Sullivan and Milby D. Dunn II. (Doc. 251 at Exhibits A & B).

The Government also highlighted Movant's prior embezzlement, the thirteen or fourteen people she involved in the scheme, the use of her own children's bank accounts, and other effects on Colombia Lloyds and local community. (Doc. 242 at 5–15).

In imposing the sentence, this judge held Movant "accountable as a leader of the criminal activity which involved five or more participants," with a "total intended loss to Columbia Lloyds [of] $1,186,378.31." The Court noted that Movant "was previously convicted of theft of property relating to a similar embezzlement from [Nabors] Drilling in 2005." Finally, in

---

[1] Movant converted money from Columbia Lloyds Insurance Company.

consideration of the damage to Columbia Lloyds and its employees, the Court added that "factor" to the "totality of circumstances" before granting an upward departure, in pertinent part, as follows:

> I find the non-monetary loss suffered by the victim Columbia Lloyds was substantial and affected the company and the individuals involved in the company to a great degree, and I believe that that factor, *together with all the totality of the circumstances*, would dictate an upward departure from the high end of the guideline range and would reflect adequately the seriousness of the offense, promote respect for the law, provide deterrence to future criminal conduct and address the Defendant's background and characteristics as outlined in 18, United States Code, Section 3553(a).

(Doc. 242, 15–17, emphasis added).

Movant filed a Notice of Appeal (Doc. 165), but she failed to timely pay the docketing fee. The United States Court of Appeals for the Fifth Circuit dismissed the appeal on November 2, 2011, for want of prosecution. (Doc. 174).

In April of 2014, Movant alleges that a "colleague" mailed her articles from the *Insurance Journal* "announcing the Leadership Change at Columbia Lloyds." According to the articles, Columbia Lloyds had not terminated Sullivan and Dunn II, but instead, Sullivan and Dunn II had only recently retired. (Doc. 251 at 3, Exhibit A & B). Movant filed the § 2255 motion on October 14, 2014. (Doc. 235).

The remaining factual and procedural history is adopted from the Memorandum and Recommendation filed on August 17, 2015 by Magistrate Judge Stacy, without repetition. (Doc. 252 at 2–13).

On August 27, 2015, Movant filed a Response to the Memorandum and Recommendation. (Doc. 253). On March 15, 2017, Movant wrote the Court and submitted transcripts and certificates for the Court's review. (Doc. 254).

## II. Standard of Review

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at *2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Where Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Thus, relief under § 2255 is limited to

"transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed the filings, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the portion of the Memorandum and Recommendation not specifically challenged by Movant is not erroneous in its factual findings nor contrary to law. Thus, the Court hereby adopts the unchallenged portions of the Magistrate Judge's Memorandum and Recommendation as its own. The court will now consider *de novo* the objections raised by Movant.

### III. Decision

#### a. Timeliness

Movant argues that her § 2255 motion was timely because she subsequently discovered

that the Court made an upward adjustment of her sentence based upon incorrect facts, namely the effect of her criminal activity upon Columbia Lloyds's management. Movant asserts that the Court believed, during sentencing, that her criminal activity caused Columbia Lloyds to "terminate" the managers Sullivan and Dunn II. But Sullivan and Dunn II were never terminated, and only recently retired. (Doc. 236 at 1; Doc. 251, Exhibits A & B). Movant argues that she could not have discovered this evidence "through the exercise of due diligence by the time her conviction was final" because "[s]he had no reason [to investigate] and had been instructed not to contact the company under any circumstances." (Doc. 253 at 4). As a result of her discovery, Movant effectively argues that the newly discovered evidence exception of § 2255(f)(4) applies, making her § 2255 motion timely.[2] (Doc. 252 at 13–14).

A § 2255 motion is subject to a one-year limitation from the date "the judgment of conviction becomes final," unless an alternative commencement date applies. 28 U.S.C. § 2255(f). Movant does not dispute the Memorandum and Recommendation's finding that her motion was untimely filed on October 14, 2014, "nearly twenty months after the expiration of the one-year limitations period" following "the [expiration of] ninety-day period for seeking a writ of certiori." (Doc. 252 at 13–14). But under § 2255(f)(4), the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been

---

[2] Movant's requests reconsideration of the upward departure in her Response to the findings of the Magistrate Judge. She requests "that the overlaying factor for the cause of the upward departure, that was not addressed in the other enhancements, which is the stated termination of upper management, as evident by the PSR, be addressed in relation to 'newly discovered evidence.'" (Doc. 253 at 5). In a subsequent letter, she clarifies, "All I ask is that you review the case, with the new evidence, and make a determination. The non-monetary enhancement of Upper Management losing their job caused a 12 month addition to my sentence." (Doc. 254 at 1). In other words, Movant requests the upward departure of her sentence be removed because she only recently discovered that the twelve-month upward departure of her sentence was based upon the mistaken belief that certain management at Colombia Lloyds were terminated.

discovered through the exercise of due diligence."

"In applying § 2255(f)(4), '[t]he important thing is to identify a particular time when . . . diligence is in order.'" *United States v. Jackson*, 470 Fed. Appx 324, 327 (5th Cir. 2012) (per curiam)[3] (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). The Court entered judgment was in 2011. Approximately two and a half years later in 2014, Movant alleges she became aware of the retirement of managers Sullivan and Dunn II. Movant asserts that she could not have discovered the information previously because "[s]he had no reason [to investigate] and had been instructed not to contact the company under any circumstances." (Doc. 253 at 4). If, as Movant alleges, her sentence upwardly departed from the guideline sentencing range solely because of the termination of management, she had a reason to investigate the truth and to seek leave of court to do so. Thus, she has not and cannot show that the facts underlying his claim could not have been discovered through the exercise of due diligence by the time her conviction was final or within the one year commencement period of § 2255(f). *See e.g.*, *Johnson*, 544 U.S. at 308, 312 (holding that 3 years between entry of judgment and filing of habeas petition challenging the prior conviction did not constitute due diligence) and *United States v. Rodriguez*, 858 F.3d 960, 963–64 (5th Cir. 2017) (holding that waiting a year and three months to send a letter requesting documentation in support of his § 2255 motion was not due diligence).

And even if her motion was timely, Movant has not shown that the upward departure was dependent solely on the "termination" of the two managers.[4] While the PSR report indicates that

---

[3] Although Jackson is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

[4] Movant points to the Memorandum and Recommendation, the PSR, and Government's statements to evidence the Court's reliance on the fact of the termination of management for the upward departure of her sentence. She cites the Memorandum and Recommendation in support where it says that "the 'Government further argued that an

the managers "stepped down," that phrase is not inconsistent with the Government's statements concerning the loss of the manager's "positions," instead of their jobs. More importantly, the Court referenced the non-monetary loss as a "factor . . . together with all the totality of the circumstances" not as the sole reason for the upward departure. Thus, the new evidence does not undermine the Court's sentencing determination.

Accordingly, the Court concludes that Movant's § 2255 is untimely, and the evidence does not undermine the Court's sentencing determination. The Court hereby adopts the remaining challenged portions of the Magistrate Judge's Memorandum and Recommendation as its own.

b. **Certificate of Appealability**

Finally, under 28 U.S.C. § 2253(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from . . . a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

---

upward departure was warranted based on the adverse impact of [Movant's] fraud . . . had on Columbia Lloyd's Insurance Company." (Doc. 253 at 2). According to Movant's summary of the PSR, "Columbia Lloyd's was given the option of terminating their existing management and being placed in an administrative oversite system." (*Id.*). Finally, Movant alleges that the Government argued in support of the upward departure, "Losing a management position and salary is a horrible result for the former President and Vice-President of Columbia Lloyds . . . . Such a result merits an upward departure." (*Id.* at 3). These statements were factually incorrect, according to Movant, because "the company did not terminate (to end), their employment, only demote (to lower) or in this case reassign. The President James Robert (Bob) Sullivan was placed into the role of Vice President of Marketing which was the position of Milby D. Dom II who was placed as chairman of the Board of Underwriters." (*Id.* at 2). Movant asserts that this "newly discovered evidence was timely, pertinent and relative which could have warranted a different outcome." (*Id.* at 3–4).

And, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his[ or her] constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court denies a § 2255 motion on the merits, to warrant a certificate of appealability a movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003), *citing Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam)). We find no ground for a certificate of appealability here.

### IV. Conclusion

Accordingly, it is hereby

ORDERED the United States' Motion for Dismissal is GRANTED, Movant's § 2255 Motion is DENIED and Objections OVERRULED. It is further

ORDERED that a certificate of appealability is DENIED.

SIGNED at Houston, Texas, this 29th day of September, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE